**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                               :
JACQUAR STOKES,                :
                               : Civil Action No. 11-407 (JBS)
     Plaintiff,                :
                               :
v.                             :     O P I N I O N
                               :
GARY M. LANIGAN, et al.,       :
                               :
     Defendants.               :
                               :
_____
```

**APPEARANCES:**

JACQUAR STOKES, PRO-SE PLAINTIFF
860509C/516883
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302

**SIMANDLE,** District Judge

Plaintiff, Jacquar Stokes, a convicted prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed without prejudice and Plaintiff will be granted leave to file a proposed amended complaint.

## I. BACKGROUND

Plaintiff, Jacquar Stokes ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Gary M. Lanigan, Commissioner of the New Jersey Department of Corrections; State Corrections Officer ("SCO") Sheppard, SCO John Doe and SCO Jane Doe.  The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

In his complaint, Plaintiff alleges that on July 30, 2010, he was returning to prison from a scheduled court appearance at the Burlington County Courthouse in a bus operated by the New Jersey Department of Corrections ("D.O.C.").  (Compl. at 10.)  Due to negligent, reckless, and high-speed driving by the Central Transportation Unit, of which Defendants Shepard and Does are members, he was thrown from his seat during transport and began to experience excruciating pain in his right shoulder.  (Id.) Plaintiff "attempted to notify the officers who operated the vehicle that [he] had been injured but to no avail." (Id.)  At

2

approximately 11:00 p.m. that night, Plaintiff returned to South Woods State Prison and notified the nurse about his shoulder pain. (Id. at 11.)  At approximately 2:34 a.m., Plaintiff was sent to St. Francis Medical Center in Trenton, New Jersey for x-rays.  (Id.) X-rays revealed that his shoulder was dislocated and he was sedated so his shoulder could be put back into place.  (Id.)

Plaintiff alleges that the Defendants are responsible for his injuries "due to the fact that they force prisoners to board unsafe vehicles while handcuffed and shackled...They are personally responsible in any case that may result in a violation of the state or local traffic laws...Each vehicle occupant shall be restrained in an automotive safety belt.  Therefore, the New Jersey Department of Corrections were deliberately indifferent to my safety.  These vehicles (Blue Bird bus) have no safety belts and the drivers operate them at high speeds for excessive periods of time in order to secure overtime."  (Id.)  Plaintiff further alleges that the D.O.C. is responsible "due to the fact that the occurrence was reasonably foreseeable and a direct result of the department's failure to take appropriate steps that could have prevented the situation from happening."  (Id.)

With regard to Defendant Lanigan, Plaintiff alleges that as the Commissioner of the New Jersey Department of Corrections, he is liable under the doctrine of respondeat superior and the doctrine of res ipsa loquitur for the following reasons:

1.  As N.J.D.O.C. Commissioner defendant is the overseer of all operations within and throughout the Department of Corrections and has a duty to act in order to prevent egregious constitutional violations, which could and most likely would result in 'injury.'

2.  Defendant should have been more careful in choosing employees in order to avoid liability.

3.  Defendant should have been more careful in supervising the procedures and employees conduct in order to avoid liability.

4.  Defendant is a benefiting [sic] recipient of his employee's actions.

5.  Defendant can or should have purchased liability insurance.

6.  The defendant has the delegated authority to control the conduct (of is employees) and should be the 'person' to bear punitive and compensatory responsibility.

(Id. at 7.)

Plaintiff alleges that his rights under the Eighth and Fourteenth Amendments have been violated.  He seeks injunctive relief, compensatory damages, punitive damages, declaratory relief and that all defendants named or soon to be named be suspended immediately without pay or placed on alternative duty.  (Id. at 13.)

**II.  DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against

4

a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) (B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'"  Iqbal, 129 S.Ct. at 1949 (quoting

<u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>See</u> <u>id.</u> at 1948. The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  <u>See</u> <u>id.</u> at 1949-50; <u>see</u> <u>also</u> <u>Twombly</u>, 505 U.S. at 555, & n. 3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

2.  **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**B. Analysis**

At the outset, the Court must determine whether Plaintiff has alleged a violation of a right secured by the Constitution.

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981).  The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment.  Id. at 347. The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society."  Id. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1956)).  To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff's claims focus on Defendants' alleged failure to provide seatbelts and failure to exercise due care in transporting Plaintiff in a motor vehicle on the highway, which resulted in a motor vehicle accident causing injury to Plaintiff.  However, where defendants have merely failed to exercise due care in operating a motor vehicle, as alleged in this instance, such negligence is insufficient to establish a violation of the Eighth or Fourteenth Amendment. Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (citing Daniels v. Williams, 474 U.S. 327, 333 (1986))("...where a

7

government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required"); Schwartz v. County of Montgomery, 843 F. Supp 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (mere negligence insufficient to support a § 1983 action for violation of the Eighth or Fourteenth Amendments); Morgan v. Department of Corrections, 2010 WL 4024777, at *4 (D.N.J. October 13, 2010); Otero v. Catalogne, 2010 WL 3883444, at *8-11 (W.D.Pa. September 28, 2010)("the alleged failure of Defendants...to provide safety belts and properly welded steel cages is more indicative of a lack of care or foresight, rather than a 'conscious disregard of a substantial risk of harm'...[t]hus, absent any allegation showing that the driver was consciously made aware that he was creating a substantial risk of serious harm, yet chose to ignore the risk, a claim of deliberate indifference cannot stand"); Dexter v. Ford Motor Co., 92 Fed.Appx. 637, 641 (10th Cir. 2004).

Plaintiff has failed to allege a violation of a right secured by the Constitution or laws of the United States and as such, this Court is constrained to dismiss Plaintiff's § 1983 action in its entirety, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Since the Court finds that Plaintiff has not alleged a constitutional violation, Plaintiff's claims for respondeat superior liability and failure to train and/or supervise must also be dismissed. Romero v. Hayman, 2011 WL 1344218, at *8 (D.N.J. April 08, 2011) (plaintiff failed to state a claim for a constitutional injury; thus he fails to state a claim for failure to train); Wenner v. Correctional Medical Services, Inc., 2009 WL 1089555, at *5 (D.N.J.

However, a district court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). Plaintiff may be able to assert facts in an amended complaint stating a cognizable claim under § 1983 against Defendants and thus, this Court will grant Plaintiff thirty days to file a motion to re-open, with a proposed amended complaint, stating a cognizable § 1983 claim.  If Plaintiff elects to file a motion to re-open and a proposed amended complaint, he should comply with the pleading requirements of Iqbal as set forth in this opinion.

**2.   State Law Claims**

To the extent that Plaintiff is asserting any state or common law claims in this matter, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Under § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, as this Court has done here at this time, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are

---

April 21, 2009)("[w]ith the Section 1983 claim against the treating defendants now dismissed, there is no underlying constitutional violation capable of supporting a claim for vicarious liability against the [supervising] defendants").

dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present here, this Court will dismiss without prejudice any state law claims purported to be asserted by Plaintiff.

**III.  CONCLUSION**

For the reasons set forth above, the complaint will be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff will be granted leave to file a motion to reopen and a proposed amended complaint, stating a cognizable § 1983 claim, within 30 days.  An appropriate order follows.


Dated:  **June 20, 2011**


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        UNITED STATES DISTRICT JUDGE

10