**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____
                                    :
JACQUAR STOKES,                     :
                                    : Civil Action No. 11-407 (JBS)
            Plaintiff,              :
                                    :
v.                                  :        **O P I N I O N**
                                    :
GARY M. LANIGAN, et al.,            :
                                    :
            Defendants.             :
                                    :
_____

**APPEARANCES:**

JACQUAR STOKES, PRO-SE PLAINTIFF
860509C/516883
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302

**SIMANDLE,** District Judge

        Plaintiff, Jacquar Stokes ("Plaintiff"), a convicted prisoner

currently confined at Bayside State Prison in Leesburg, New Jersey

who was confined at South Woods State Prison in Bridgeton, New

Jersey during the events alleged in the amended complaint, sought

to bring this action in forma pauperis.  The Court granted

Plaintiff's application to proceed in forma pauperis ("IFP")

pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court

to file the complaint.  After reviewing the complaint, pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A,, the Court concluded that the

complaint should be dismissed without prejudice.  Plaintiff was

granted leave to file a proposed amended complaint.  Thereafter,

Plaintiff filed an amended complaint.  (Docket Entry No. 5.)  He then filed another amended complaint, stating that the first amended complaint was not complete.  (Docket Entry No. 6.)

At this time, the Court must review the complete amended complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be permitted to proceed in part.

**I.  DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under

2

both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff

must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

## 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## B. Analysis

## 1. Original Complaint

In his original complaint, Plaintiff alleged that on July 30, 2010, he was returning to prison from a scheduled court appearance at the Burlington County Courthouse in a bus operated by the New Jersey Department of Corrections ("D.O.C."). (Compl. at 10.) Due to negligent, reckless, and high-speed driving by the Central

4

Transportation Unit he was thrown from his seat during transport and began to experience excruciating pain in his right shoulder. (Id.)  Plaintiff "attempted to notify the officers who operated the vehicle that [he] had been injured but to no avail." (Id.)  At approximately 11:00 p.m. that night, Plaintiff returned to South Woods State Prison and notified the nurse about his shoulder pain. (Id. at 11.)  At approximately 2:34 a.m., Plaintiff was sent to St. Francis Medical Center in Trenton, New Jersey for x-rays.  (Id.) X-rays revealed that his shoulder was dislocated and he was sedated so his shoulder could be put back into place.  (Id.)

Plaintiff alleged that the Defendants are responsible for his injuries "due to the fact that they force prisoners to board unsafe vehicles while handcuffed and shackled...They are personally responsible in any case that may result in a violation of the state or local traffic laws...Each vehicle occupant shall be restrained in an automotive safety belt.  Therefore, the New Jersey Department of Corrections were deliberately indifferent to my safety.  These vehicles (Blue Bird bus) have no safety belts and the drivers operate them at high speeds for excessive periods of time in order to secure overtime." (Id.)  Plaintiff further alleged that the D.O.C. is responsible "due to the fact that the occurrence was reasonably foreseeable and a direct result of the department's failure to take appropriate steps that could have prevented the situation from happening."  (Id.)

With regard to Defendant Lanigan, Plaintiff alleged that as the Commissioner of the New Jersey Department of Corrections, he is liable under the doctrine of respondeat superior and the doctrine of res ipsa loquitur.  (Id. at 7.)

In its June 20, 2011 Opinion and Order, this Court found that Plaintiff's allegations, at best, stated a claim for negligence, which is insufficient to establish a violation of the Eighth or Fourteenth Amendment.  Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) (citing Daniels v. Williams, 474 U.S. 327, 333 (1986))("...where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required"); Schwartz v. County of Montgomery, 843 F. Supp 962 (E.D. Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (mere negligence insufficient to support a § 1983 action for violation of the Eighth or Fourteenth Amendments); Morgan v. Department of Corrections, 2010 WL 4024777, at *4 (D.N.J. October 13, 2010); Otero v. Catalogne, 2010 WL 3883444, at *8-11 (W.D.Pa. September 28, 2010)("the alleged failure of Defendants...to provide safety belts and properly welded steel cages is more indicative of a lack of care or foresight, rather than a 'conscious disregard of a substantial risk of harm'...[t]hus, absent any allegation showing that the driver was consciously made aware that he was creating a substantial risk of serious harm, yet chose to ignore the risk, a claim of deliberate indifference cannot stand"); Dexter v. Ford

Motor Co., 92 Fed.Appx. 637, 641 (10th Cir. 2004).

Since Plaintiff failed to allege a violation of a right secured by the Constitution or laws of the United States, this Court was constrained to dismiss Plaintiff's § 1983 action in its entirety, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]  The complaint was dismissed without prejudice and Plaintiff was given leave to file an amended complaint.

## 2. Amended Complaint

In his Amended Complaint, Plaintiff raises the same claims as in his original complaint, as well as a new claim for retaliation, denial/denial of medical treatment and two new defendants.

### a.  Negligent Transportation Claim

With regard to his negligent transportation claim against Gary M. Lanigan, Commissioner of the New Jersey Department of Corrections; State Corrections Officer ("SCO") Sheppard, SCO John Doe and SCO Jane Doe, Plaintiff's Amended Complaint does not allege any new facts which would lead this Court to conclude anything other than Plaintiff, at best, has stated a claim for negligence,

---

[1] Since the Court found that Plaintiff had not alleged a constitutional violation, Plaintiff's claims for respondeat superior liability and failure to train and/or supervise were also dismissed. Romero v. Hayman, 2011 WL 1344218, at *8 (D.N.J. April 08, 2011) (plaintiff failed to state a claim for a constitutional injury; thus he fails to state a claim for failure to train); Wenner v. Correctional Medical Services, Inc., 2009 WL 1089555, at *5 (D.N.J. April 21, 2009)("[w]ith the Section 1983 claim against the treating defendants now dismissed, there is no underlying constitutional violation capable of supporting a claim for vicarious liability against the [supervising] defendants").

which is insufficient to establish a violation of the Eighth or Fourteenth Amendment. Therefore, for the same reasons more fully discussed in the Court's June 20, 2011 Opinion and Order, Plaintiff's Eighth Amendment claims against all Defendants regarding his July 30th transport from the Burlington County Courthouse are hereby dismissed.

**b.  Denial/Delay of Medical Care Claim**

It appears that Plaintiff is stating a claim for a denial/delay of medical care under the Eighth Amendment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical

8

treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. See Rouse, 182 F.3d at 197.

In this case, Plaintiff alleges that Defendant SCO Sheppard failed to provide medical attention to Plaintiff after being notified. (Am. Compl. at 4.) Plaintiff alleges that he injured his shoulder at some point between the hours of 8:00 and 10:00 p.m. and was in "excruciating pain". Upon arrival at Bayside and Southern State Prison, while switching from the bus to a van, Plaintiff again notified Defendant Sheppard about his injury. Defendant Sheppard told him to address the issue at South Woods State Prison. When he arrived back at South Woods State Prison, around 11:00 p.m., he informed the nurse that he was injured and was examined. By 2:04 a.m., he was sent to St. Francis Medical Center for treatment.

Since it appears from the allegations in the Amended Complaint that medical treatment for Plaintiff was delayed for non-medical reasons, the Court finds that at this early juncture, Plaintiff has stated sufficient facts to allow this claim to proceed against Defendant Sheppard.

**c. Retaliation Claim**

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the

Constitution."  White v. Napoleon, 897 F.2d 103, 111-12  (3d Cir. 1990).  To plead a First Amendment retaliation claim, a plaintiff must allege: (a) constitutionally protected conduct, (b) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (c) a causal link between the constitutionally protected conduct and the retaliatory action.  See Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).  A plaintiff may establish causation by alleging either: (a) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (b) a pattern of antagonism coupled with timing to establish a causal link.  See Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

Here, Plaintiff alleges that "upon discovering that [he] had filed suit against NJDOC Senior Corrections Officer Gregory began to make threats that he would have [Plaintiff] 'mashed out' by several officers, since '[Plaintiff] likes to sue.'" (Am. Compl. 2.) On several occasions, Plaintiff states that false disciplinary charges were filed against him by SCO Waters, Sergeant Dilks, Lieutenant Clarke.  Further, he alleges that his job was changed from paralegal to sanitation with no explanation given.

Based on the allegations set forth in the Amended Complaint, if true, Plaintiff may be able to support a claim of retaliation.

He alleges that shortly after he filed his lawsuit, Officer Gregory made threats and SCO Waters, Sergeant Dilks, Lieutenant Clarke filed false disciplinary charges against him.

A prisoner's ability to file grievances and lawsuits against prison officials is a constitutionally protected activity for purposes of a retaliation claim.  See Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages under the constitution); Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995) (prison officials may not retaliate against an inmate for complaining about a guard's misconduct).  Therefore, because Plaintiff alleges that the retaliation was the result of his filing a lawsuit against NJDOC officials, he appears to meet the requisite elements of a retaliation claim.  Namely, Plaintiff has alleged: (1) a constitutionally protected activity; (2) that he was subjected to adverse action by Defendants Gregory, SCO Waters, Sergeant Dilks and Lieutenant Clarke; and (3) that the filing of grievances was the motivating factor in Defendants' decisions to take adverse action against Plaintiff.  Accordingly, the Court will allow this claim to proceed as against Defendants Gregory, SCO Waters, Sergeant Dilks and Lieutenant Clarke.

**d.  Additional Defendants**

Plaintiff seeks to add two additional defendants: (1) John Doe, bus manufacturer; and (2) John Doe, vehicle inspector for

motor vehicles.  At the outset, it is not clear that these two individuals were acting under "the color of state law," which is a requirement to bring a § 1983 claim.  "The color of state law ... is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).  The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).  For the conduct to be "fairly attributable" to the State: (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State, or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible; and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State.  See id. at 936-39.

Given the little amount of information provided by Plaintiff regarding these two John Doe defendants, it appears that they are not state actors for purposes of section 1983 actions.  Further, it is also not clear what constitutional claims Plaintiff attempts to assert against these defendants.  As such, the claims will be

12

dismissed without prejudice.

**II. CONCLUSION**

For the above stated reasons, the claim against all Defendants regarding the operation of the transport van is dismissed. Plaintiff's denial/delay of medical treatment claim against Defendant Sheppard and retaliation claims against Defendants Gregory, Waters, Dilks and Clarke will be permitted to proceed at this time. Plaintiff's claims against Defendants John Doe, bus manufacturer and John Doe, motor vehicle inspector, are dismissed. An appropriate order accompanies this opinion.


Dated: **October 27, 2011**


                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge

13